IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ARNOLD MIJANGOS,           ) | |
| ) | |
|     Plaintiff,     ) | Case No. 12-cv-2682 JAR/KMH |
| ) | |
| v.     ) | Jury Trial Demand |
| ) | |
| KANE WAREHOUSING, INC.,   ) | |
| ) | |
|     Defendant.     ) | |

## COMPLAINT

NOW COMES Plaintiff, Arnold Mijangos ("Mijangos" or "Plaintiff") by and through his attorneys of record, and brings this cause of action against defendant, Kane Warehousing, Inc., pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e *et seq*. ("Title VII"), the Age Discrimination in Employment Act Act, 29 U.S.C.§ 621 *et seq*. ("ADA"). and the Americans With Disabilities Act, ("ADA"), 29 U.S.C. § 12101 *et. seq.* states as follows:

### A.  PARTIES

1. Plaintiff Arnold Mijangos at all times material to this action has been a resident of the State of Kansas.

2. Defendant is a corporation formed and existing pursuant to the statutes of the state of Pennsylvania.

3. Defendant' principal place of business is in the state of Pennsylvania.

4. At all times relevant to this action, Kane operated a warehouse/distribution facility located at 27200 West 157th Terrace, New Centruy, Kansas where the Plaintiff was formerly employed.

5. At all times relevant to this cause, Kane is an employer as defined by Title VII, the ADA and the ADEA with 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

### B. JURISDICTION AND VENUE

6. Jurisdiction over this action is conferred on this Court by 28 U.S.C. § 1337, relating to "any civil action or proceeding arising under any act of Congress regulating commerce" and 28 U.S.C. § 1331 as this matter arises under the laws of the United States, more specifically, Title VII, the ADA and the ADEA.

7. Venue is proper under 28 U.S.C. § 1391 as the unlawful employment practices and substantially all othis acts that are the subject matter of this Complaint were committed in whole or part in the state of Kansas and within this judicial district.

8. On or about May 13, 2011, Mijangos filed a Charge of Discrimination against Kane with the United States Equal Employment Opportunity Commission ("EEOC") (EEOC Charge No. 563-2011-01242) alleging violations of Title VII, the ADA and the ADEA.

9. Said charge was filed within 300 days of the discriminatory acts complained of thisein.

10. The EEOC issued and mailed a "Dismissal and Notice of Rights" to Plaintiff dated July 24, 2012. A true and correct copy of said notice is attached hiseto as "Exhibit A."

11. Plaintiff received the "Notice of Rights" on July 25, 2012.

12. This action is filed within 90 days of Plaintiff's receipt of the "Notice of Rights."

## C. BACKGROUND FACTS

13. Plaintiff was employed by the respondent from December 2007 until October 5, 2010.

14. Plaintiff worked for Defendant as a forklift operator at its New Century, Kansas factility.

15. Plaintiff was a dependable employee whose attendance and job performance met Defendant's expectations.

16. Plaintiff's age was over forty at all times material to this action.

17. Plaintiff's is of Hispanic national origin having been born in Guatemala.

18. Plaintiff at all times material to this action is a person with an impairment that affects one or more of his major life activities.

19. In October 2010, Plaintiff was not regularly scheduled to work on Tuesdays.

20. On Tuesday, October 5, 2010, Plaintiff was contacted by one his managers at Kane who told Plaintiff the company was experiencing a heavier than usual work load.

21. The manger asked if Plaintiff could assist the company by working an overtime shift on October 5, 2010.

22. Plaintiff agreed to work the extra shift and reported for work.

23. During this shift, Plaintiff suffered an episode which consisted of symptoms related to his impairment.

24. At that time, I did not have his required blood-testing device at the workplace.

25. Based on the symptoms he was experiencing, Plaintiff realized that it was imperative to perform a blood test which would determine whether or not he needed a prescribed medication.

26. Plaintiff informed his supervisor of his medical symptoms, and requested permission to return home to attend to his medical symptoms.

27. The supervisor denied Plaintiff's request, and told him that if he left the premises he would be subject to discipline.

28. Due to Plaintiff's medical necessity, he concluded that it was imperative to attend to his symptoms and notified the supervisor that he was leaving the workplace.

29. Subsequently, Plaintiff was notified by Defendant's human resource manager that he was being suspended for three days (October 8, 9 and 10) without pay because he left work on October 5, 2010.

30. Prior to the conclusion of the three-day suspension, Defendant's human resource manager contacted Plaintiff and notified him that rather than being suspended for three days, he was fired.

### D. COUNT I – ADA (Diability Discrimination)

31. Plaintiff repeats and alleges Paragraphs 1 through 30 above with the same force and effect as though set forth in full herein.

32. Plaintiff at all times material to this action was a person with a disability subject to the protections provided by the ADA.

33. Defendant at all times material to this action was an employer as defined by the ADA.

34. Defendant terminated Plaintiff's employment because of his disability thereby subjecting him to disparate terms and conditions of employment.

35. Defendant refused to reasonably accommodate Plaintiff's disability even though such accommodation could be accomplished without undue hardship.

4

36. Based on the above Defendant violated the ADA provisions against disability discrimination including but not limited to failure to provide reasonable accommodation.

37. Based on the above Defendant's actions were wanton, willful and in reckless disregard of Plaintiff's rights under the ADA.

38. As a result of defendant's unlawful actions, plaintiff has suffered and continues to suffer economic harm including but not limited to the loss of earnings, earnings capacity; loss of fringe benefits; and loss of career opportunities.

39. As a result of defendant's unlawful actions, plaintiff has suffered, and continues to suffer pain and humiliation.

### E.  COUNT II – TITLE VII (National Origin Discrimination)

40. Plaintiff repeats and alleges Paragraphs 1 through 39 above with the same force and effect as though set forth in full herein.

41. Defendant is an employer as defined by Title VII.

42. As an employee of Defendant, Plaintiff was subjected to unequal terms and conditions of employment because of his Hispanic national origin.

43. Similarly situated non-Hispanic employees enjoyed superior terms and conditions of employment.

44. As a direct result of the above, Defendant engaged in unlawful discrimination against Plaintiff in violation of Title VII.

45. Based on the above Defendant's actions were wanton, willful and in reckless disregard of Plaintiff's rights under Title VII.

46. As a result of defendant's unlawful actions, plaintiff has suffered and continues to suffer economic harm including but not limited to the loss of earnings, earnings capacity; loss of fringe benefits; and loss of career opportunities.

47. As a result of defendant's unlawful actions, plaintiff has suffered, and continues to suffer pain and humiliation.

### F.  COUNT III – ADEA (Age Discrimination)

48. Plaintiff repeats and alleges Paragraphs 1 through 47 above with the same force and effect as though set forth in full herein.

49. Defendant is an employer as defined by the ADEA.

50. During his tenure, Plaintiff was one of the older, if not the oldest, forklift operators at Defendant's New Century, Kansas facility.

51. As an employee of Defendant, Plaintiff was subjected to unequal terms and conditions of employment because of his age.

52. Similarly situated substantially younger employees enjoyed superior terms and conditions of employment.

53. As a direct result of the above, Defendant engaged in unlawful discrimination against Plaintiff in violation of the ADEA.

54. Based on the above Defendant's actions were wanton, willful and in reckless disregard of Plaintiff's rights under the ADEA.

55. As a result of defendant's unlawful actions, plaintiff has suffered and continues to suffer economic harm including but not limited to the loss of earnings, earnings capacity; loss of fringe benefits; and loss of career opportunities.

56. As a result of defendant's unlawful actions, plaintiff has suffered, and continues to suffer pain and humiliation.

### F. PRAYER FOR RELIEF

WHISEFORE, Plaintiff requests judgment against Defendant as follows:

a. Adjudge and declare that Defendant engaged in unlawful discrimination in violation of the ADA;

b. Adjudge and declare that Defendant engaged in unlawful discrimination in violation of Title VII;

c. Adjudge and declare that Defendant engaged in unlawful discrimination in violation of the ADEA;

d. Order Defendant to adjust and modify its employment practices as necessary to prevent additional violations and ensure future compliance with the ADA, Title VII and the ADEA;

e. Compensate Plaintiff for all economic loss including, but not limited to, lost wages, earnings, employee benefits and other damages necessary to make Plaintiff whole;

f. Reinstate Plaintiff to the position of employment that he would have occupied with Defendant but for its unlawful retaliation against Plaintiff;

g. Award Plaintiff compensatory and/or punitive damages against each Defendant of not less than $100,000;

h. Award Plaintiff liquidated damages as provided for in the ADEA;

i. Award Plaintiff pre-judgment interest, and costs which include reasonable attorneys' fees; and

j. Award Plaintiff all other damages and equitable relief permitted by law.

### G.  DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial.

### H.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury in this action of all issues so triable as a matter of right.

Respectfully submitted:

SANDHAUS & MANDELBAUM, LLC.

//s// *Ronald E. Sandhaus*
Ronald E. Sandhaus, KS #20666
4601 College Blvd., Suite 170
Leawood, KS 66211
Tel:    (913) 906-0010
Fax:    (913) 491-6353
Email;  *rsandhaus@noflawlaw.com*